# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL GIBSON, | 1:07-cv-01533 OWW DLB HC |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |
| v. | |
| CORCORAN STATE PRISON, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on September 27, 2007, in the United States District Court for the Central District of California.  The petition was transferred to this Court on October 22, 2007.

The Court has conducted a preliminary review of the Petition and finds it is without jurisdiction to hear the case as Petitioner has named an improper respondent.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court,

1  21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions
2  is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on
3  probation or parole, the proper respondent is his probation or parole officer and the official in
4  charge of the parole or probation agency or state correctional agency. Id.

5       In this case, petitioner names Corcoran State Prison, as the Respondent. Although
6  Petitioner is currently in the custody of the Corcoran State Prison, the prison cannot be
7  considered the person having day-to-day control over Petitioner.

8       Petitioner's failure to name a proper respondent requires dismissal of his habeas petition
9  for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326,
10  1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd
11  Cir. 1976). However, in this case, the Court will give petitioner the opportunity to cure his defect
12  by amending the petition to name a proper respondent. See, West v. Louisiana, 478 F.2d 1026,
13  1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)
14  (allowing petitioner to amend petition to name proper respondent); Ashley v. State of
15  Washington, 394 F.2d 125 (9th Cir. 1968) (same).

16       Accordingly, the Court HEREBY ORDERS:

17       1.    Petitioner SHALL SHOW CAUSE why the Petition should not be dismissed by
18           AMENDING the Petition to name a proper respondent within thirty (30) days of
19           the date of service of this order. To comply with this directive Petitioner need
20           only submit a pleading titled "Amendment to Petition" in which he amends the
21           petition to name a proper respondent. As noted above, that individual is the
22           person having day to day custody over petitioner - usually the warden of the
23           institution where he is confined. The Amendment should be clearly and boldly
24           captioned as such and include the case number referenced above, and be an
25           original signed under penalty of perjury.

26  IT IS SO ORDERED.

27  Dated:   **October 31, 2007**                             **/s/ Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE
28