# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL GIBSON, | 1:07-cv-01533 DLB HC |
|         Petitioner, | ORDER REGARDING RESPONDENT'S MOTION TO DISMISS; DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS |
| v. | |
| KEN CLARK, | [Docs. 16, 21] |
|         Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

## BACKGROUND

On January 12, 2007, Petitioner was convicted of second degree burglary and petty theft with priors. Petitioner was sentenced to a determinate state prison term of two years. (Lodged Doc. No. 1.) Petitioner did not appeal his conviction.

Petitioner filed three pro se state post-conviction collateral petitions in the California state courts including one petition for writ of habeas corpus in the California Supreme Court. (Lodged Doc. No. 2.)

Petitioner filed the instant petition for writ of habeas corpus on September 27, 2007, in the United States District Court for the Central District of California. The petition was

transferred to this Court on October 11, 2007, and filed on October 22, 2007.

Respondent filed the instant motion to dismiss on January 22, 2008, arguing that the petition should be dismissed for lack of exhaustion. (Court Doc. 16.) Petitioner filed an opposition on January 30, 2008. (Court Doc. 18.)

On February 7, 2008, Petitioner filed a motion to stay the proceedings. (Court Doc. 21.) Respondent filed an opposition on February 19, 2008. (Court Doc. 25.)

## DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

### B. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court

with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even*

3

>   *if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889
>   (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
>   underlying claim would be decided under state law on the same considerations
>   that would control resolution of the claim on federal grounds. Hiivala v. Wood,
>   195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
>   (9th Cir. 1996); . . . .
>   
>   In Johnson, we explained that the petitioner must alert the state court to
>   the fact that the relevant claim is a federal one without regard to how similar the
>   state and federal standards for reviewing the claim may be or how obvious the
>   violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition, Petitioner raises the following four claims: (1) Petty theif [sic] are not the same as burglary of the First or Second Degree which were charged the definitions are not the same"; (2) Burglarys are crimes of violence and petty theifs [sic] are crimes of moral turpitude"; (3) Restitution was never discussed in plea agreement of the sum $5,000 dollars [sic] or any amount no victim no property damage"; and (4) eneffective [sic] assistance of counsel."

Petitioner did not directly appeal his conviction and only filed one petition for writ of habeas corpus in the California Supreme Court.  In that petition, Petitioner presented the following single claim: "How can a petty theif [sic] be an Burglary when a definition of a burglary is a 'inhabited dwelling' a grocery store is not an 'inhabited dwelling' where no one lives a 'residence'" [sic].  (Lodged Doc. No. 2.)

As Respondent submits, this claim can be construed as raising both claim one and two of the instant federal petition.  Therefore, this filing served to exhaust only claims one and two of the instant petition.  Claims three and four are not raised in the petition submitted to the California Supreme Court, and therefore are not exhausted.  Consequently, the instant petition contains unexhausted claims and is subjected to dismissal; however, the Court must first give Petitioner the opportunity to amend the petition to delete the unexhausted claims.  Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005).

As previously noted, Petitioner filed a motion to stay the instant proceeding pending exhaustion on February 7, 2008.  (Court Doc. 21.)  Respondent filed an opposition on February 19, 2008.  (Court Doc. 25.)

In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court determined

that district courts have limited discretion to stay mixed petitions and to give petitioners an opportunity to return to state court to exhaust. The Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278.

In his motion to stay, Petitioner has not presented good cause as to why he filed the instant federal petition with unexhausted claims. Petitioner filed a petition in the California Supreme Court on August 8, 2007, and included only one claim. The petition was denied on September 12, 2007, with citations to In re Lindley, 29 Cal.2d 709 (1947), and In re Dixon, 41 Cal.2d 756 (1953). Petitioner simply does not explain why he did not include claims three and four of the instant petition to the California Supreme Court, nor has Petitioner shown any attempt to exhaust these claims when the instant petition was filed. Accordingly, Petitioner has not demonstrated sufficient cause to warrant a stay under Rhines, and the motion shall be denied.

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner's motion to stay the instant proceeding is DENIED;

2. Within thirty (30) days from the date of service of this order, Petitioner may, at his option, move to with the unexhausted claims and proceed with only the exhausted claims. Guizar v. Estelle, 843 f.2d 371, 372 (9th Cir. 1988); and,

3. Petitioner is advised that if he fails to withdraw the unexhausted claims within the thirty (30) day time frame, the entire petition will be dismissed, without prejudice. This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. However, this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not

1  toll for the time an application is pending in federal court. <u>Duncan v. Walker</u>, 531
2  U.S. 991 (2001).
3  IT IS SO ORDERED.
4  **Dated:   February 25, 2008**            **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE

6