# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL GIBSON, | 1:07-cv-01533 DLB HC |
|     Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY |
|   v. | [Doc. 28] |
| KEN CLARK, | |
|     Respondent. | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

    Petitioner filed the instant petition for writ of habeas corpus on October 22, 2007. On January 22, 2008, Respondent filed a motion to dismiss the petition because it contained both exhausted and unexhausted claims. (Court Doc. 16.) Specifically, Respondent argued that only two of Petitioner's four claims were exhausted.[1]

    Now pending before the Court is Petitioner's motion for discovery, filed February 19, 2008. (Court Doc. 28.) Respondent filed a response on March 21, 2008. (Court Doc. 29.) On February 27, 2008, the undersigned granted Respondent's motion to dismiss and directed Petitioner to either delete the unexhausted claims and proceed solely on the exhausted claims, or

---

[1] The two unexhausted claims alleged that restitution was never discussed with Petitioner at the time he entered his no contest plea, and he received ineffective assistance of counsel. (Claims Three & Four of Petition.)

1

1  dismiss the entire petition to return to state court to complete the exhaustion requirement.  (Court
2  Doc. 27.)
3       Now pending before the Court is Petitioner's motion for discovery, filed on February 26,
4  2008, just one day prior to issuing the order addressing Respondent's motion.  (Court Doc. 28.)
5  Petitioner requests discovery and inspection of (1) "any written or recorded statements made by
6  Petitioner" and, (2) "any written record containing the substance of any oral statements made by
7  the Petitioner, either before or after arrest, in response to interrogation by the respondent, by any
8  person then known to the Petitioner to be a government agent."  (Motion, at 1-2.)
9       Although discovery is available pursuant to Rule 6, it is only granted at the Court's
10 discretion, and upon a showing of good cause.  Bracy v. Gramley, 520 U.S. 899, 904 (1997);
11 McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood,
12 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254.  Good cause
13 is shown "where specific allegations before the court show reason to believe that the petitioner
14 may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."
15 Bracy v. Gramley, 520 U.S. at 908-09 (citing Harris v. Nelson, 394 U.S. 287 (1969).  Discovery
16 will not be allowed so that the petitioner can "explore [his] case in search of its existence,"
17 looking for new constitutional claims.  See Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir.
18 1999).  If good cause is shown, the extent and scope of discovery is within the court's discretion.
19 See Habeas Rule 6(a).  The Court's duty in a habeas proceeding is to determine whether or not
20 petitioner's constitutional rights were violated in the course of the conviction.
21      As Respondent correctly argues, Petitioner cannot seek discovery in relation to claims
22 three and four which are unexhausted, as those claims are subjected to dismissal.  Thus, the only
23 claims Petitioner may seek discovery is in relation to either claim one or two (or both).  It appears
24 that Petitioner is seeking discovery in the form of police reports or other records regarding
25 statements he made at or near the time of his arrest in an attempt to demonstrate that he lacked
26 the requisite criminal intent for the crime of burglary.
27      Petitioner's request for discovery must be denied.  As Respondent submits, Petitioner's
28 conviction arises from a no contest plea, therefore, any statements Petitioner may have made at or

near the time of his arrest simply did not implicate or invalidate the voluntariness of his no contest plea.  As Petitioner clearly admitted to committing the burglary of an inhabited dwelling, he cannot now seek discovery to show that he lacked the requisite intent.  Petitioner is, in essence, claiming that he is innocent of the crime of burglary to which he plead "no contest"; however, Petitioner chose in open court and under penalty of perjury to plead "no contest" to the crime of burglary.  "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  Tollett v. Henderson, 411 U.S. 258, 267 (1973).  As the Ninth Circuit has stated, "[W]e have repeatedly held that criminal defendants are bound by the admissions of fact made by their counsel in their presence and with their authority."  United States v. Hernandez-Hernandez, 431 F.3d 1212, 1219 (9th Cir. 2005); see also United States v. Ferreboeuf, 632 F.2d 832, 836 (9th Cir. 1980).  Based on the foregoing, Petitioner's motion for discovery is DENIED.

IT IS SO ORDERED.

**Dated:   March 31, 2008**           /s/ **Dennis L. Beck**
                              UNITED STATES MAGISTRATE JUDGE