# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL GIBSON, | 1:07cv1533 DLB HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE |
| v. | |
| | (Documents 2,9) |
| KEN CLARK, | |
| Respondent. | |

Petitioner Darrell Gibson ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

**RELEVANT HISTORY**

On January 12, 2007, in the Fresno County Superior Court, Petitioner entered guilty pleas to second degree burglary and petty theft with priors. He was sentenced to two years on each count, but the sentence for the petty theft charge was stayed.

Plaintiff did not appeal his sentence.

Plaintiff filed a petition for writ of habeas corpus in the Fifth District Court of Appeal ion July 5, 2007. The petition was denied on July 12, 2007.

On August 8, 2007, Plaintiff filed a petition for writ of habeas corpus in the California Supreme Court. The petition was denied on September 12, 2007.

Petitioner filed the instant federal petition for writ of habeas corpus on September 27,

1

2007, in the Central District of California. The petition was transferred to this Court on October 22, 2007. Petitioner alleges that he should not have been convicted of burglary because (1) "Petty theif [sic] elements are not the same as burglary of the First of Second degree which where charged because the definitions are not the same;" and (2) "Burglarys [sic] are crimes of violence and petty theifs [sic] are crimes of moral turpitude."[1] Petition, at 5.

Respondent filed an answer on May 28, 2008, arguing that Petitioner's claims are procedurally defaulted.

Petitioner did not file a traverse.

## **DISCUSSION**

A.  Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner challenges his conviction imposed by the Fresno County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

---

[1] Petitioner also alleged a sentencing violation and ineffective of counsel, but these claims were dismissed as unexhausted.

B.  <u>Standard of Review</u>

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade,123 S.Ct.1166 (2003) (disapproving of the Ninth Circuit's approach in <u>Van Tran v. Lindsey</u>, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." <u>Lockyer</u>, at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." <u>Id.</u> (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Harris v. Nelson, 394 U.S. 286, 290 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

C. <u>Procedural Default</u>

A federal court will not review a petitioner's claims if the state court has denied relief of those claims pursuant to a state law that is independent of federal law and adequate to support the judgment. Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991); Coleman v. Thompson, 501 U.S. 722, 729-30 (1989); see also Fox Film Corp. v. Muller, 296 U.S. 207, 210 (1935). A state court's refusal to hear the merits of a claim because of petitioner's failure to follow a state procedural rule is considered a denial of relief on independent and adequate state grounds. Harris v. Reed, 489 U.S. 255, 260-61 (1989). This doctrine of procedural default is based on the concerns of comity and federalism. Coleman, 501 U.S. at 730-32, 111 S.Ct. at 2554-55.

Here, Respondent contends that Petitioner's two claims, which appear to challenge the sufficiency of the evidence underlying his convictions, are procedurally barred. Respondent is correct. In the California Supreme Court's order denying his petition, the court cited In re Lindley, 29 Cal.2d 709 (1947) and In re Dixon, 41 Cal.2d 756 (1953). Under <u>Lindley</u>, a petitioner who fails to exhaust sufficiency of evidence claims in his direct appeal and raises them instead in a subsequent state habeas petition has procedurally defaulted those claims as a matter of California law. The Ninth Circuit has determined that a citation to <u>Lindley</u> is an independent and adequate state procedural bar. Carter v. Giurbino, 385 F.3d 1194, 1197 (9th Cir. 2004).

Petitioner's claims are therefore procedurally defaulted and a federal court will not review the claims unless he shows "cause and prejudice" for the failure to present the constitutional issues to the state court, or makes a colorable showing of actual innocence. Gray v. Netherland, 518 U.S. 152, 162 (1996). Petitioner has not made such a showing. In fact, he did not even file a traverse. Insofar as Petitioner states in his petition that he did not know of the direct appeal process until it was too late and trusted his attorney with "court process," this does not establish cause or prejudice. Petitioner's pro se status and ignorance of the law do not satisfy the cause standard. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 908-09 (9th Cir.1986). Additionally, Petitioner cannot establish cause by claiming counsel was ineffective because "[t]here is no constitutional right to an attorney in state post-conviction proceedings." Coleman, 501 U .S. at 752-53.

1   Accordingly, Petitioner's claims are procedurally defaulted and his petition must be
2 DISMISSED WITH PREJUDICE.

3 D.  Petitioner's Guilty Plea

4   Even if Petitioner's claims were not procedurally barred, his guilty plea forecloses his
5 arguments.  By pleading guilty, a defendant waives the right to a jury trial, to confront one's
6 accusers, to compel the attendance of witnesses, and generally to challenge the evidence that he
7 committed the offense.  See Boykin, 395 U.S. 238, 89 S.Ct. 1709.  Typically, one who enters a
8 valid guilty plea cannot on habeas corpus challenge pre-plea constitutional violations.  Tollett v.
9 Henderson, 411 U.S. 258, 266-67 (1973); see also Moran v. Godinez, 57 F.3d 690, 700 (9th
10 Cir.1994) ("As a general rule, one who voluntarily pleads guilty to a criminal charge may not
11 subsequently seek federal habeas relief on the basis of pre-plea constitutional violations").  Such
12 a petitioner may only contend that his guilty plea was not voluntary and intelligent, see e.g., Hill
13 v. Lockhart, 474 U.S. 52, 56 (1985); Boykin v. Alabama, 395 U.S. 238, 242-43 (1969)), or
14 challenge the assistance of counsel under the Sixth Amendment.  See, e.g., McMann v.
15 Richardson, 397 U.S. 759, 771   (1970); Tollett, 411 U.S. at 267; Hudson, 760 F.2d at 1030.

16   Here, Petitioner attempts to argue that the evidence did not fit the definition of the crimes
17 for which he pled guilty.  Pursuant to Tollett, however, he is precluded from raising
18 constitutional challenges to the state of the evidence prior to his plea.  Tollett, 411 U.S. at 267.

19 **ORDER**

20   Accordingly, IT IS HEREBY ORDERED that the petition for writ of habeas corpus is
21 DISMISSED WITH PREJUDICE.

22   This terminates this action in its entirety.

23

24   IT IS SO ORDERED.

25   Dated:   **October 8, 2008**              /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE
26

27

28